Nash, J.
This litigation was caused by the careless and imperfect manner in which the verified statement of the *690 amount due on a chattel mortgage was placed thereon. In 1879 the instrument under consideration was executed and delivered to the Grambrinus Stock Company by M. L. Rotfcger and two others. The statement of the mortgagee thereon was as follows:
“ Statement oe Claim.
“ The State of Ohio, ) gg Hamilton County, [
“ Mortgagee, named in this mortgage being duly sworn, makes oath and says that claim against mortgagors, of which a true'statement is hereto annexed, amounts to the sum of one thousand dollars ($1,000), and that said claim is just and unpaid.
“ Sworn to and subscribed before me, a notary public, in and for said county, this 25th day of April, A. D., 1879.
“ Chas. Phares,
[seal.] Nótary Public, Hamilton county, Ohio.”
This statement is imperfect in that it is not signed by the agent of the corporation making it. We are of the opinion that this fault}r statement is sufficient prima facie, and that the mortgage is good as against subsequent judgment creditors, unless they are able to show that the statement was not in fact verified by a proper agent of the company. The words of the statute requiring the mortgagee to place a verified statement on a chattel mortgage are as follows:
* * * “ that the mortgagee, his agent or attorney, before the filing of such instrument with the township clerk, or in the office of the recorder of the county as contemplated by said act, shall, in case the said instrument shall have been given to secure the payment of a sum of money only, enter thereon a true statement in dollars and cents of the amount of his claim, and that it is just and unpaid, * * * which statement shall be verified before some justice of the peace or other officer authorized to administer oaths.”
The' object sought to be attained in having a chattel mortgage filed, as is required in our state, is to give notice to the world of the condition of the mortgaged property. So also *691 the object of the statute in requiring the mortgagee to enter a statement of the amount of his claim, verified before a proper officer upon the chattel mortgage before filing, is to notify the public of the amount of the lien. Although defective, the statement in this case shows the amount of the debt secured by the mortgage, and when read in connection with the certificate of the notary public shows that it was sworn to by the mortgagee. As the mortgagee was a corporation it follows that the verification was by an agent. There was nothing in the statement and certificate that would mislead any one, and it was a substantial compliance with the statute. This is all that seems to have been required by the supreme court in the cases Ashley v. Wright, 19 Ohio St., 291, and Gardner v. Parmelee, 31 Id., 551.

Judgment reversed-